UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:21-cv-684-MSS-JSS

Marcial Napoles,
Isaac F. Nimer,
Jorge Aballe,
and other similarly situated individuals,

    Plaintiffs

v.

Richard A. Souder Masonry, Inc.,
d/b/a Souder Masonry And Concrete,
Florida Green Concrete LLC,
Calix Green and Antwan Green, individually,

    Defendant,
_____/

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

Plaintiffs, Marcial Napoles, Isaac F. Nimer and Jorge Aballe by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure a 55 (b)(2) and the Inherent Powers of the Court, hereby moves for entry of Default Judgment against the Defendants, Richard A. Souder Masonry, Inc., d/b/a Souder Masonry And Concrete, Florida Green Concrete LLC, Calix Green and Antwan Green and state as follows:

1. On or about February 23, 2021, Plaintiffs brought the above titled action against the Defendants, Richard A. Souder Masonry, Inc., d/b/a Souder Masonry And Concrete, Florida Green Concrete LLC, Calix Green and Antwan Green to recover overtime compensation, minimum wages, lost wages, liquidated damages, and the costs of reasonably attorney's fees under the laws of the United States, Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("the FLSA") [D.E. 1].

2. On or about March 15, 2021 and March 22, 2021, the Summons(es) and Complaint in this cause were duly served, upon the Defendants Richard A. Souder Masonry, Inc., d/b/a Souder Masonry And Concrete, Florida Green Concrete LLC, Calix Green and Antwan Green. Accordingly, Defendants' Answers were due on or before April 5, 2021, and April 12, 2021 respectively.

3. As of this date, Defendants Richard A. Souder Masonry, Inc., d/b/a Souder Masonry And Concrete, Florida Green Concrete LLC, Calix Green and Antwan Green have failed to respond the Complaint.

4. "[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by a counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381,

    1385 (11th Cir. 1985).

5. The Defendants, Richard A. Souder Masonry, Inc and Florida Green Concrete LLC, cannot defend itself. *see Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. *1985).*

6. A Clerk's Default [D.E. 14] was entered on July 27, 2021 against Defendants Richard A. Souder Masonry, Inc., d/b/a Souder Masonry And Concrete, Florida Green Concrete LLC, Calix Green and Antwan Green.

7. The FLSA requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce a minimum wage of not less than statutorily prescribed amounts.

8. In addition, Section 7 of the FLSA, 29 U.S.C.A. §207, generally requires that hourly paid employees receive compensation equal to one and one-half their regular rate when they work more than 40 hours in a workweek. The Department of Labor provides extensive detail on how such overtime is to be paid. *See generally*, 29 C.F.R. §§ 778.200 et seq., 778.300 et seq.; *Featsent v. City of Youngstown*, 70 F.3d 900 (6th Cir. 1995). "[T]he overtime rate may not be less than one and

one-half times the bona fide rate established in good faith for like work performed during non-overtime hours." 29 C.F.R. § 778.308(b).

9. Section 216(b) provides that employers who violate §206 and/or §207 of the FLSA shall be liable to their employees for the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount in liquidated damages and attorney's fees and costs. See 29 U.S.C.A. § 216(b).

10. Moreover, Section 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

11. In support of the damages alleged in the Complaint, the Plaintiffs, Marcial Napoles, Isaac F. Nimer and Jorge Aballe have submitted evidence in the form of affidavits [composite Exhibit "A"].

12. Rule 55, Federal Rules of Civil Procedure, allows for Final Default Judgment to be entered by the Clerk upon "request of the Plaintiff

and upon Affidavit of the amount due" if the Defendant has been defaulted for failure to appear.

13. Defendant failed to pay Plaintiff Marcial Napoles at least $4,502.40 during the period of time in which Plaintiff was working for Defendant, which well within the statute of limitations provided for under the FLSA as a matter of law.  Plaintiff also seeks to recover $33,960.00 in lost wages and liquidated damages in the amount of $38,462.40.

14. Defendant failed to pay Plaintiff Jorge Aballe at least $4,502.40 during the period of time in which Plaintiff was working for Defendant, which well within the statute of limitations provided for under the FLSA as a matter of law.  Plaintiff also seeks to recover $13,344.00 in lost wages and liquidated damages in the amount of $17,846.40.

15. Defendant failed to pay Plaintiff Fray Nimer at least $4,502.40 during the period of time in which Plaintiff was working for Defendant, which well within the statute of limitations provided for under the FLSA as a matter of law.  Plaintiff also seeks to recover $16,864.00 in lost wages and liquidated damages in the amount of $21,366.40.

16. Additionally, Plaintiffs seek to recover, attorney fees ($6,400.00) and costs ($558.70), for a total amount of $165,309.10 as judgment against Defendants.

17. Plaintiffs claim judgment by default for failure of Defendants Richard A. Souder Masonry, Inc., d/b/a Souder Masonry And Concrete, Florida Green Concrete LLC, Calix Green and Antwan Green to file or serve any papers in the action or otherwise plead.

## MEMORANDUM OF LAW

### I. Default Judgment Under Fed. R. Civ. P. 55(b)

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." United States v. Fleming, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517,*9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages

are not admitted by virtue of default." Broad. Music, Inc. v. PRB Productions, Inc., 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014)(citing Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." Isaula v. Chicago Rest. Group, LLC, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R. 2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting United Artists Corp. v. Freeman, 605 F. 2d 854, 857 (5th Cir.1979) [1] and citing SEC v. Smyth, 420 F. 3d 1225, 1231–32 (11th Cir. 2005). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F. 3d at 1232 n. 13). *See also* Broad. Music, 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well- pled allegations of fact, and bars the defendant from contesting those facts on appeal." Massachusetts Mut. Life Ins. Co. v. Hunter, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F. 2d 1200, 1206 (5th Cir. 1975)).

### **Statutory Basis for FLSA Claims**

The provision of the FLSA applicable to this case include section(s) 29 U.S.C. §§ 201-215. Under the FLSA, Plaintiffs are entitled to be paid for each hour that Plaintiffs worked for Defendants at the correct rate of pay. The underlying complaint alleges that Defendants willfully and/or knowingly violated the FLSA with respect to Plaintiffs by failing to pay overtime wages and minimum wages Plaintiffs properly under the law (Count I & II). Additionally, Plaintiffs claim that Defendants retaliated against them due to their requests to be paid fairly in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiffs have been damaged (Count III).

Plaintiff Marcial Napoles worked for Defendant from August 3, 2020 to September 17, 2020, and is owed $2,448.00 in overtime; plus $2,054.40 in minimum wages (these are wages for work that Plaintiff performed on Defendants' behalf for which Defendants did not properly pay Plaintiff); plus $33,960.00 in lost wages; and $33,960.00 in liquidated damages.

Plaintiff Jorge Aballe worked for Defendant from August 3, 2020 to September 17, 2020, and is owed $2,448.00 in overtime; plus $2,054.40 in minimum wages (these are wages for work that Plaintiff performed on Defendants' behalf for which Defendants did not properly pay Plaintiff); plus $13,344.00 in lost wages; and $ 17,846.40 in liquidated damages.

Plaintiff Isaac F. Nimer worked for Defendant from August 3, 2020 to September 17, 2020, and is owed $2,448.00 in overtime; plus $2,054.40 in minimum wages (these are wages for work that Plaintiff performed on Defendants' behalf for which Defendants did not properly pay Plaintiff); plus $16,864.00 in lost wages; and $ 21,366.40 in liquidated damages.

## Damages Under The FLSA

The FLSA provides for the recovery of unpaid wages, back pay and liquidated damages as well as costs and reasonable attorney fees. 29 U.S.C.A. § 216(b). In this case, Plaintiffs are owed wages for the time they worked for Defendants but were not paid by Defendants in violation of the FLSA, as codified by 29 U.S.C. § 206-207.

Additionally, Plaintiffs suffered retaliation due to their requests to be paid fairly in direct violation of 29 U.S.C. 215 (a)(3), therefore Plaintiffs are owed their lost wages.

Furthermore, the FLSA provides for liquidated damages which would double the amount of the unpaid wages due and owing to Plaintiffs by Defendants.

## Attorney's Fees and Costs

The FLSA provides that the Plaintiffs are entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C.§216(b). In *Hensley v. Eckerhart,* the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983).

Plaintiffs' counsel has expended a total of 16.00 hours pursuing Plaintiffs' claim against Defendants. [*See* Zandro Palma's Affidavit at ¶ 12; Exhibit B]. Plaintiffs are requesting a reasonably hourly rate of $400.00 for Mr. Zandro E. Palma, Esq (a total amount of $6,400.00 in attorney's fees).

Effective as of January 1st, 2021, Mr. Palma bills all cases at the rate of $400.00 per hour for the professional services that are rendered. Prior to January 1st, 2021, his hourly rate was of $375.00 per hour. The current hourly rate of $400.00 reflects Mr. Palma's skills and experience in litigating employment cases and is reasonable in light of the relevant legal marketplace. Moreover, the $400.00 hourly rate has consistently been approved this year as reasonable by this Court, as well as courts in the Southern and Northern Districts of Florida.

The law firm of Zandro E. Palma, P.A. has also expended $558.70 in costs in Plaintiffs' case. (*See* Zandro Palma's Affidavit at ¶ 17; Exhibit B). As such, the attorney fees and costs for prosecution of Plaintiffs' claims against Richard A. Souder Masonry, Inc , d/b/a Souder Masonry And Concrete , Florida Green Concrete LLC, Calix Green and Antwan Green, individually amounts to $6,958.70 ($6,400.00 + $558.70).

## **Conclusion**

For the reasons set forth above, Plaintiffs respectfully request that this Court enter default judgment against Defendants with respect to the FLSA claims in the amount of $76,924.80 for Plaintiff Marcial Napoles, plus $42,732.80 for Plaintiff Isaac F. Nimer, plus $35,692.80 for Plaintiff Jorge Aballe, and $6,958.70 in attorney's fees and costs; as well as post- judgment interest, and for such other relief as this Court deems just and proper.

Dated: August 22, 2021.

                Respectfully submitted,
                ZANDRO E. PALMA, ESQ.
                Florida Bar No.: 0024031
                zep@thepalmalawgroup.com
                ZANDRO E. PALMA, P.A.
                9100 South Dadeland Boulevard
                Suite 1500
                Miami, Florida 33156
                Telephone: (305) 446-1500
                Facsimile:  (305) 446-1502
                *Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> By: /s/ Zandro E. Palma____
> Zandro E. Palma, Esq.
> Florida Bar No.: 0024031
> zep@thepalmalawgroup.com
> ZANDRO E. PALMA, P.A.
> 9100 South Dadeland Boulevard
> Suite 1500
> Miami, Florida 33156
> Telephone: (305) 446-1500
> Facsimile:  (305) 446-1502
> *Attorney for Plaintiff*

## SERVICE LIST
## CASE NO: 8:21-cv-684-MSS-JSS

Richard A. Souder Masonry, Inc., d/b/a Souder Masonry
Through Its Registered Agent
Richard A. Souder
1411 Bladon Ave.
Deltona Fl 32738
*Defendant*

Concrete, Florida Green Concrete LLC
Through Its Registered Agent
4302 Hollywood Blvd. Suite 110
Hollywood Florida 33021
*Defendant*

Calix Green
4302 Hollywood Blvd. Suite 110
Hollywood Florida 33021
*Defendant*

Antwan Green
4302 Hollywood Blvd. Suite 110
Hollywood Florida 33021
*Defendant*

Zandro E. Palma Esq.
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd. Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Counsel for Plaintiffs*