UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARCIAL NAPOLES, ISAAC F. NIMER and JORGE ABALLE,**

    Plaintiffs,

v.                                   Case No: 8:21-cv-684-MSS-JSS

**RICHARD A. SOUDER MASONRY, INC., FLORIDA GREEN CONCRETE LLC, CALIX GREEN and ANTWAN GREEN,**

    **Defendants.**

                        **ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Motion for Default Judgment Against All Defendants. (Dkt. 16) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' Motion for Default Judgment.

    **I.    Background**

On February 23, 2021, Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe commenced this action against Defendants Richard A. Souder Masonry, Inc., Florida Green Concrete LLC, Calix Green, and Antwan Green, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Dkt. 1) Plaintiffs filed Affidavits of Service providing that Defendants were served with a copy of the Summons and Complaint on March 15, 2021 and March 22, 2021. (Dkts. 9, 10, 11,

12) To date, Defendants have not filed an Answer or other responsive pleading in this case. On October 2, 2018, upon Plaintiffs' Motion for Clerk's Entry of Default, (Dkt. 13), the Clerk entered a default against all four Defendants. (Dkt. 14) Plaintiffs now seek entry of a final judgment of default against Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Rule 55"). (Dkt. 16)

## II. Legal Standard and Analysis

Pursuant to Rule 55, to enter a default judgment, there must be a sufficient basis in the pleadings to support the relief sought. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts. See id. at 1544.

Plaintiffs have set forth a valid cause of action for Defendants' violations of the FLSA for unpaid minimum wages and overtime. Indeed, "the requirements to state a

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

claim of a FLSA violation are quite straightforward." Secretary of Labor v. Labbe, 319 Fed. App'x 761, 763 (11th Cir. 2008).[2] To be entitled to relief under FLSA, a plaintiff must simply show "a failure [by defendants] to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." Id.

Plaintiffs allege that Defendants are employers as defined by the FLSA, that Plaintiffs were covered hourly employees who were employed by Defendants, and that Defendants willfully failed to pay Plaintiffs minimum wages and overtime for hours worked in excess of forty (40) in a week. (Dkt. 1) By failing to defend against the Complaint, Defendants are deemed to have admitted the well-pleaded factual allegations against them. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009). Thus, the Court concludes that Plaintiffs' Complaint adequately establishes jurisdiction and states a claim under the FLSA for unpaid minimum wages and overtime.

However, the Court finds that the Complaint fails to adequately plead a claim for retaliation against Defendants. The FLSA forbids an employer from discharging or in any other manner discriminating against any employee because such employee has filed any complaint alleging a violation of the Act. 29 U.S.C. § 215(a)(3). To establish a retaliation claim, a plaintiff must show that 1) she was engaged in protected activity under the FLSA; 2) she suffered an adverse action by his employer; and 3) a

---

2 The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority.   See 11th Cir. R. 36-2."   United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

causal connection exists between the plaintiff's activity and the adverse action. Wolf v. Coca–Cola Co., 200 F.3d 1337, 1342–43 (11th Cir. 2000). "[A] constructive discharge may constitute an adverse employment action for purposes of showing retaliation under the FLSA's anti-retaliation provision." Bartolon-Perez v. Island Granite & Stone, Inc., 108 F. Supp. 3d 1335, 1340 (S.D. Fla. 2015). "However, '[b]efore finding a constructive discharge, this court has traditionally required a high degree of deterioration in an employee's working conditions, approaching the level of intolerable.'" Perez v. Garcia, 701 F. App'x 938, 941 (11th Cir. 2017) (alteration in original) (quoting Hill v. Winn-Dixie Stores, Inc., 934 F.2d 1518, 1527 (11th Cir. 1991)).

Plaintiffs allege in support of their retaliation claim that Defendants constructively discharged them in retaliation for their numerous complaints to Defendants about their lack of payment for regular and overtime hours. (Id. at ¶¶ 104–108) Plaintiffs claim they were forced to leave their employment with Defendants due to the lack of payment for regular wages and overtime hours, which created "unfair working conditions that any reasonable person could not accept." (Id.) The Complaint contains no further factual detail about the unfair working conditions other than Defendants' failure to pay minimum wages and overtime. However, assuming, without agreeing, that Defendants' failure to pay wages and overtime compensation without more would be sufficient to constitute a constructive discharge, Plaintiff has not sufficiently pleaded causation for purposes of sustaining a retaliation claim.

"In demonstrating causation, the plaintiff must prove that the adverse action would not have been taken 'but for' the assertion of FLSA rights." *Id.* at 1343. Perez, 701 F. App'x at 940 (citing Wolf, 200 F.3d at 1343). Thus, "at minimum [a plaintiff] must show that the adverse act followed the protected conduct." Id. (alteration in original) (quoting Griffin v. GTE Fla., Inc., 182 F.3d 1279, 1284 (11th Cir.1999)). Here, Plaintiffs have set forth no allegations that Defendants' conduct changed or worsened in response to Plaintiffs' complaints about failure to pay wages. It appears the Defendants failed to pay proper wages, prompting the complaints by Plaintiffs, and they continued to refuse to pay proper wages after Plaintiffs lodged the complaints. An employer's continuation of behavior that existed prior to the protected activity is, for lack of causation, insufficient to sustain a cause of action for retaliation. Id.; see also McDonnell v. Cisneros, 84 F.3d 256, 259 (7th Cir. 1996) (stating that when alleged retaliatory conduct was the same continuous harassment that gave rise to the initial complaint, no action will lie unless there was a "ratcheting up of the harassment" after the plaintiff filed her complaints). Absent any plausible factual allegation that Defendants' conduct was caused by Plaintiffs' complaints, Plaintiffs cannot state a claim for retaliation under the FLSA. As such, the Court finds that Plaintiffs' Motion for Default Judgment is due to be **GRANTED** as to the claims for unpaid minimum wages and overtime but **DENIED** as to the claim for retaliatory constructive discharge.

Where, as here, a request for monetary relief is made, the Court may enter judgment without a hearing if Plaintiffs' claims against Defendants are for sums

5

certain, or if the sums claimed can by computation be made certain, or if the movants submit sufficient unrebutted evidence to support the request for damages. See S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005); Adolph Coors Co., 777 F.2d at 1544; United Artists Corp. v. Freeman, 605 F.2d 854 (5th Cir. 1979).

An employer who violates the minimum wage or overtime provisions of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiffs have provided sufficient evidence to enable the Court to calculate the amount of damages to which Plaintiffs are entitled. Specifically, Plaintiffs provided sworn affidavits, which contain reasonable approximations of their damages for unpaid overtime compensation. (Dkt. 16-1)

Plaintiff Jorge Aballe declares that he worked for Defendants from approximately August 3, 2020 to September 17, 2020 at an agreed hourly rate of $16.00 per hour. (Id. at 2–3) He avers that he worked fifty-seven hours per week for the six weeks that he worked for Defendants but was not paid for his overtime hours or paid his regular wages. (Id. at 4) Aballe avers that he is owed $2,448.00 in unpaid overtime and $2,054.40 in minimum wages for work that he performed on Defendants' behalf for which Defendants did not pay him at all, plus liquidated damages. (Id. at 4–7)

Plaintiff Marcial Napoles declares that he worked for Defendants from approximately August 3, 2020 to September 17, 2020 at an agreed hourly rate of $16.00 per hour. (Id. at 10–11) He avers that he worked fifty-seven hours per week for the six

6

weeks that he worked for Defendants but was not paid for his overtime hours or paid his regular wages. (Id. at 11) Napoles avers that he is owed $2,448.00 in unpaid overtime and $2,054.40 in minimum wages for work that he performed on Defendants' behalf for which Defendants did not pay him at all, plus liquidated damages. (Id. at 12–15)

Plaintiff Isaac F. Nimer declares that he worked for Defendants from approximately August 3, 2020 to September 17, 2020 at an agreed hourly rate of $16.00 per hour. (Id. at 18–19) He avers that he worked fifty-seven hours per week for the six weeks that he worked for Defendants but was not paid for his overtime hours or paid his regular wages. (Id. at 19) Napoles avers that he is owed $2,448.00 in unpaid overtime and $2,054.40 in minimum wages for work that he performed on Defendants' behalf for which Defendants did not pay him at all, plus liquidated damages. (Id. at 20–15)

The Court finds that the sworn affidavits are sufficient evidence to calculate Plaintiffs' damages on the FLSA minimum wage and overtime claims. Because the sworn affidavits are sufficient to calculate Plaintiff's damages and because Defendants have not filed a competing affidavit or otherwise controverted this evidence, a hearing concerning this matter is not required.

Plaintiffs also seek recovery of reasonable attorney's fees and costs. The FLSA authorizes an award of attorney's fees and costs to the prevailing plaintiff in any proceeding to enforce its provisions. See 29 U.S.C. §216(b). In the Eleventh Circuit, attorney's fees are calculated according to a "lodestar" formula, which requires

multiplication of "the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); Norman v. Hous. Auth., 836 F.2d 1292, 1299–1302 (11th Cir. 1988). Plaintiffs seek an award of $6,400.00 in attorney's fees and $558.70 in costs. Plaintiffs' calculation of attorney's fees is based on the affidavit provided by counsel, Zandro Palma, who avers that he has expended 16 hours to prosecute Plaintiffs' claims and declares that his current billing rate is $400.00 per hour. (Dkt. 16-2) In the Court's experience, this fee demand, based on hours and rate, is reasonable.

### III.   Conclusion

Upon consideration of the foregoing, it is **ORDERED**

1. Plaintiffs' Motion for Default Judgment Against All Defendants, (Dkt. 16), is **GRANTED IN PART and DENIED IN PART**. The Motion is **GRANTED** as to Counts I and II, alleging failure to pay minimum wages and overtime. The Motion is **DENIED** as to Count III, alleging retaliatory constructive discharge.

1. The **Clerk** is directed to enter final default judgment as follows:

    a. In favor of Plaintiff Jorge Aballe and against Defendants, jointly and severally, in the total amount of **$9,004.80**, comprised of $4,502.40 of unpaid minimum and overtime wages, and $4,502.40 of liquidated damages, for violations of the FLSA.

    b. In favor of Plaintiff Marcial Napoles and against Defendants, jointly and severally, in the total amount of **$9,004.80**, comprised

      of $4,502.40 of unpaid minimum and overtime wages, and $4,502.40 of liquidated damages, for violations of the FLSA.

    c. In favor of Plaintiff Isaac F. Nimer and against Defendants, jointly and severally, in the total amount of **$9,004.80**, comprised of $4,502.40 of unpaid minimum and overtime wages, and $4,502.40 of liquidated damages, for violations of the FLSA.

    d. In favor of Plaintiffs and against Defendants, jointly and severally, in the amount of **$6,958.70** in attorney's fees and costs.

2. Thereafter, the Clerk is directed to **CLOSE** this case.
3. This Order in no way alters the Plaintiffs' obligation to pay appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

    **DONE** and **ORDERED** in Tampa, Florida, this ___ day of October 2021.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person